Bronislawa BERESTECKI, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 86 Civ. 6029 (RWS).

United States District Court, S.D. New York.

June 23, 1987.

---

Wayne G. Hawley, MFY Legal Services, Inc., New York City, for plaintiff; Margaret B. Sandercock, David S. Udell, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Donna H. Lieberman, Sp. Asst. U.S. Atty., of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Bronislawa Berestecki ("Berestecki") has moved pursuant to Fed.R.Civ.P. 12(a) for an order granting her judgment on the pleadings in an appeal from a denial of disability insurance benefits. Defendant Otis R. Bowen, M.D., Secretary of Health and Human Services (the "Secretary") has cross-moved pursuant to 42 U.S.C. § 405(g) for an order remanding the case for further administrative action. For the reasons set forth below, the Secretary's application is denied and Berestecki's application is granted. The Secretary's decision denying Berestecki disability benefits is reversed, and the case is remanded for the calculation of benefits.

## Prior Proceedings

Berestecki applied for disability insurance benefits on April 10, 1985. Receiving an adverse decision, she requested reconsideration on August 5, 1985, and was again denied benefits on November 15, 1985. A hearing was held on February 21, 1986 before Administrative Law Judge Emanuel Tannenbaum (the "ALJ") at which Berestecki was represented by Howard E. Hedgeman, a paralegal with M.F.Y. Legal Services.

On March 14, 1986 the ALJ issued a decision denying the application. Berestecki filed a request for review with the Appeals Council on May 6, 1986, the Appeals Council denied the request for review on June 5, 1986, and this action was commenced.

At the time of her administrative hearing, Berestecki was 51 years old. She was educated to the seventh grade in Russia. As a result, she is literate in Russian and Polish, but testified that she cannot read and write English well. Her only work background in the United States is as a custodian, cleaning offices, schools, and finally, rooms at the Vista International Hotel. On February 10, 1983, she suffered an accident on the job while making a bed. Since that time, she has not returned to work due to back pain.

Berestecki described the duties of a hotel chambermaid to the ALJ at her hearing. She explained that she had to make up the beds with fresh linen, discard the dirty laundry, distribute clean towels and vacuum the rooms. She carried her supplies, such as clean towels, on a large cart which she pushed up and down the hallways.

In discussing her physical condition, Berestecki testified that she suffers pain in her lower back and numbness in her left leg. According to Berestecki, she has difficulty in either sitting or standing for more than a few minutes and during the course of her administrative hearing, she had to stand up due to pain. She wears a back brace and takes Tylenol for the condition, which the ALJ opined were "conservative measures." In addition to her back problem, Berestecki also reported suffering from allergies and an ulcer, which causes her stomach pain and vomiting.

According to Berestecki, she is limited in her daily activities due to the pain in her back in a number of ways. She estimated herself able to sit only for approximately five minutes without pain, and to stand for only ten minutes. She has trouble walking up and down stairs. She can lift only five pounds. She has help from her sister and her sons to clean her apartment, wash the dishes, shop and do the laundry.

At the time of the hearing the ALJ had before him medical evidence from the physician treating her back, Dr. Albert Rubell. Dr. Rubell indicated that he had been treating Berestecki since May 12, 1983 for a chronic back sprain, chronic disc disease, and left sciatics with paresthesias (abnormal burning, pricking, tickling or tingling) and pain, as well as limitation of motion of the lumbosacral spine. In his reports, Dr. Rubell indicated three times that Berestecki cannot work. He stated twice that she can sit or stand continuously for only five to ten minutes, lift and carry only five to ten pounds, and walk only one block without resting. He also stated twice that she has to lie down during the day to relieve pain, and that she presents a credible clinical picture of someone experiencing severe pain.

Dr. Rubell's reports are supported by the report of Dr. Abraham Posniak, to whom Dr. Rubell had referred Berestecki. Dr. Posniak diagnosed Berestecki as suffering from a "low back derangement with cervical radiculitis and paresthesia of the left leg." He noted spasm of the muscles on both sides of the back, but greater on the left side than on the right. He ordered a CAT scan, the results of which were consistent with the existence of degenerative disc disease. He also ordered an electromyelogram, which was consistent with "bilateral lower lumbar radiculopathies." Based upon his findings, Dr. Posniak also expressed the opinion that Berestecki was disabled, and initiated treatments of hydrocollator packs to the lower back, ultrasound therapy, and progressive low back exercises to tolerance.

Berestecki's general physician, Dr. Teresa Sauer Plewinski, provided a report concerning recurrent peptic ulcer syndrome, surgery to correct urinary stress incontinence, and a recurrent upper respiratory infection. Dr. Plewinski concluded: "In addition to her back problem, patient is in poor general condition due to her multiplicity of concurrence [sic] medical problems. In my opinion, she is unable for gainful work."

Dr. Pecoraro, a chiropractor, treated Berestecki from April 1984 to December, 1984, approximately three times per week. His findings of numbness in the legs, severe lumbar spasm, and decreased reflexes in the lower extremities are corroborative of Dr. Rubell's reports and of Berestecki's claims of back pain and numbness in the legs. He also confirms Dr. Rubell's impressions of limited range of motion of the spine, finding forward flexion limited to 45° out of a possible 90° and lateral flexion limited to 10° out of a possible 20°.

The Social Security Administration referred Berestecki to a single medical examination with Dr. Caleb Medley. He noted that she walked with a limp favoring the left leg, that her left lower leg had atrophied and was one inch smaller than the right leg, and that she suffered from curvature of the spine, documented by x-ray evidence. He noted no sensor or reflex abnormality, nor a limitation of range of motion.

A physician employed by the Administration reviewed Berestecki's medical records, and without seeing her personally, expressed an opinion on her ability to do work. On July 15, 1985, Dr. F. Randall expressed the opinion that Berestecki could lift and carry ten pounds, stand and walk six hours of an eight hour day, and could not climb, balance, stoop, kneel, crouch or crawl at all. Dr. Randall was then assigned to re-review the file three months later, in November, 1985. Although little had been added to the file in those three months,[1] this time Dr. Randall found that Berestecki could lift 50 pounds, frequently

carry 25 pounds, and climb, balance, stoop and kneel occasionally.

**Discussion**

In analyzing a Social Security claimant's entitlement to collect disability benefits, the ALJ is directed to apply a five-step test set forth in 20 C.F.R. § 404.1520. The Second Circuit has described the test thus:

First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker,* 675 F.2d 464, 467 (2nd Circ.1982). This case primarily concerns step three, whether Berestecki has shown that she suffers from an impairment listed in Appendix 1 of the regulations. As noted, the ALJ found that she did not.

Under 20 C.F.R. § 404.1520(d), the Administration is required to find disabled an individual who has an impairment listed in Appendix 1, the Listing of Impairments. According to Berestecki, she falls within the terms of § 1.05(C), which provides:

Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis)

---

1. The only exhibit added to the file between the two reports was a one-page note by Dr. Svesko

documenting the fact that Berestecki had surgery to correct stress incontinence of urine.

with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

All the physicians who examined Berestecki noted her to be suffering from back pain. The presence of spasm was diagnosed by both Dr. Rubell and by Dr. Posniak. Limitation of motion of the lumbosacral spine was found by Dr. Rubell and by Dr. Pecoraro. That Berestecki has suffered a significant motor loss is evident from the fact that she walks with a limp and that her left leg has atrophied, apparently from lack of use. The atrophy further signifies muscular weakness. The neurological damage required to document sensory and reflex loss in the paresthesia of the left leg noted by Dr. Rubell and Dr. Posniak.

In his decision, the ALJ found that Berestecki's condition cannot meet Listing 1.05(C) without "a diagnosis of herniated nucleus pulposis." This is an inaccurate reading of the regulation, which explicitly contemplates a number of other named and unnamed vetrobrogenic disorders, and the Secretary does not maintain otherwise in his papers in support of a remand.

■ In this Circuit, a treating physician's diagnosis is binding on an ALJ unless substantial evidence is presented to the contrary. *Bluvband v. Heckler*, 730 F.2d 886, 892–93 (2d Cir.1984). As described, Berestecki's treating physicians have established all of the elements for § 1.05(C). The Administration's consultative examiner, Dr. Medley largely confirmed them, by noting atrophy of one of Berestecki's legs, objective evidence of muscle loss, curvature of the spine as determined by x-ray, a limp favoring the left leg, and a decrease in sensation. Although Dr. Medley found no limitation with respect to forward flexion, he made no finding with respect to lateral flexion, and thus the treating physician's findings are uncontradicted in this respect. Dr. Medley found no motor or reflex deficit in the lower extremity, a finding which seems slightly puzzling in light of his observation that she was suffering muscular atrophy and walked with a limp.

■ The only reports that can truly be read to contradict the treating physicians' are those of the doctor who never himself examined Berestecki and who reached two different conclusions based on reviews of Berestecki's file three months apart. However, reports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision. *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1984). The soundness of such a rule could scarcely be better shown than here, when the same physician reviewing the same file twice reached different opinions. As the Eighth Circuit has said, "To attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best." *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir.1974).

In sum, as established by the treating physicians, Berestecki meets the disability criteria set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, § 1.05(C).

■ In this motion, the Secretary has chosen not to defend the ALJ's decision, but instead has cross-moved for a remand to develop further medical and vocational evidence. The statute upon which the Secretary relies, 42 U.S.C. § 405, provides:

The court may, on motion of the Secretary made *for good cause shown* before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material *and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding* .... (emphasis added).

Here, the Secretary has not made any offer as to why the evidence it wants to develop

is important enough now so as to warrant a remand, but not important enough to have bothered developing before the initial administrative hearing. What the Second Circuit said in *Carroll v. Secretary of Health and Human Services,* 705 F.2d 638, 644 (2d Cir.1983) (Mansfield, J.), is true here as well: "[A]bsent a showing by the Secretary of good cause for a remand, the present case would be an appropriate one in which to carry out Congress' mandate to foreshorten the often painfully slow process by which disability determinations are made." No good cause having been shown as to why this evidence was not developed previously, the delay inherent in a remand is to be avoided, and the Secretary's application is, consequently, denied.

**Conclusion**

For the foregoing reasons, the Secretary's application for a remand to develop further information is denied and Berestecki's motion for a judgment on the pleadings reversing the administrative decision is granted. The case is reversed and remanded to the Secretary for determination of benefits. The case is closed with leave to reopen *ab initio,* on the specific understanding that the court retains jurisdiction, on motion and without the payment of filing fees, to enter all necessary orders or to conduct any future proceedings in the case, as if it had not been closed.

IT IS SO ORDERED.